Ira M. Pink v. Commissioner.
Pink v. Commissioner
Docket No. 21120.
United States Tax Court
1950 Tax Ct. Memo LEXIS 71; 9 T.C.M. (CCH) 900; T.C.M. (RIA) 50246; October 18, 1950
Sidney M. Perlstadt, Esq., for the petitioner. C. D. Leist, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The respondent determined a deficiency in the income tax of petitioner for the calendar year 1944 in the amount of $42,831.41. The sole question is whether the respondent erred in disallowing a deduction of $58,500 claimed by petitioner in 1944 for amortization of the excess of the amount of the cost of certain American Telephone and Telegraph Company 15-year 3 per cent convertible debenture bonds over the amount payable in redemption after August 31, 1944. Findings of Fact All the facts are stipulated and are hereby found accordingly. Petitioner, a resident of Chicago, Illinois, filed his income tax return for the year 1944 with the collector of internal revenue at *72 Chicago. On July 5, 1944, petitioner purchased $300,000 principal amount of American Telephone and Telegraph Company 15-year 3 per cent convertible debenture bonds due September 1, 1956. He paid $370,500 therefor (at the rate of $123.50 for each $100 bond), plus $750 commission, or a total of $371,250. These bonds were issued under an indenture between American Telephone and Telegraph Company (hereinafter called the company) and City Bank Farmers Trust Company, Trustee, dated September 1, 1941. The indenture provided in part that on not less than thirty days' notice the bonds might be redeemed by the company in whole or in part on any date on or after September 1, 1942, at redemption prices (expressed in percentages of the principal amount) together with accrued interest to the date fixed for redemption, as follows: to and including August 31, 1944, 107 per cent; thereafter to and including August 31, 1948, 104 per cent; thereafter to and including August 31, 1953, 102 per cent; and thereafter 100 per cent. The indenture further provided that the holder of any debenture bond had the right, at his option, at any time after January 1, 1942, to and including December 31, 1954, to *73 convert the principal of any such debenture bonds into such number of fully paid non-assessable shares of capital stock of the company as the principal amount of the debenture bond surrendered for conversion is a multiple of $100, at the price of $140 per share, by the surrender of $100 principal amount of debenture bonds and payment to the company of cash equal in amount to the excess of the conversion price over $100. Such right would terminate on the date fixed for redemption of any bonds redeemed prior to December 31, 1954. The bonds were not redeemed in 1944, but the entire issue was called for payment under the provisions of the indenture as of September 1, 1947, at 104, plus interest. However, petitioner had already sold his bonds in 1945. The bonds were not a part of the stock in trade of petitioner includible in an inventory of petitioner at the close of the taxable year or held by him primarily for sale to customers in the ordinary course of his trade or business. In his 1944 income tax return petitioner elected to "amortize" the bond premium on these bonds to the earliest call date after August 31, 1944, and deducted $58,500 from gross income in that connection. This *74 amount consisted of the difference between $370,500, the purchase price, and $312,000, the amount payable in redemption after August 31, 1944. Petitioner did not convert these bonds into stock but sold them on May 18, 1945, for a total sales price of $375,000, paying a commission of $750. Petitioner filed a Federal income tax return for the year 1945 with the collector of internal revenue at Chicago, Illinois, and reported therein a long-term capital gain of $61,500 on the sale of said American Telephone and Telegraph Company bonds, of which 50 per cent or $30,750 was taken into account. The long-term capital gain was computed as follows: Gross sales price
$375,000.00
Cost
$371,250.00
Less bond premium amortized
58,500.00
Adjusted basis
$312,750.00
Add expenses of sale
750.00
313,500.00
Capital gain
$ 61,500.00
Taxable, 50% of $61,500.00
$ 30,750.00
By notice of deficiency mailed to the petitioner in respect to the calendar year 1944 respondent determined that the amount of $58,500 so deducted as amortization of bond premium was not a proper deduction under Section 125 of the Internal Revenue Code. *75 Opinion This case is governed by Commissioner v. Korell, 339 U.S. 619, and Shoong v. Commissioner, 339 U.S. 974, where it was held upon facts substantially identical with those herein, except for the amounts involved, that the excess of the purchase price over the redemption price was deductible pursuant to Section 125 of the Internal Revenue Code, notwithstanding the contention that such excess did not constitute true bond "premium" under the statute since it was paid merely in order to obtain the conversion privilege. The same result is required here. Decision will be entered under Rule 50.